IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

GENE EDWARD HOWLAND, #763638 §
§
v. § CIVIL ACTION NO. G-02-565
§
DOUG DRETKE, DIRECTOR §
OF TDCJ-CID §

## OPINION AND ORDER

Before the Court is the " Petition for a Writ of Habeas Corpus by a Person in State
Custody" filed by Gene Edward Howland, a prisoner in the Texas Department of Criminal Justice
- Correctional Institutions Division (" TDCJ-CID").  Both Petitioner and Respondent have filed
Motions for Summary Judgment.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§
2241 and 2254.  The State has custody of Petitioner pursuant to a judgment and sentence entered
by the 23rd District Court of Brazoria County, Texas in Cause No. 29,189.  Petitioner was also
convicted and sentenced in Cause Nos. 29,190, 29,191, and 29,192.  In an earlier proceeding, the
Court accepted the Magistrate Judge's recommendation that Petitioner's habeas claims relating to
these three convictions be dismissed as time-barred by the statute of limitations mandated by the
Antiterrorism and Effective Death Penalty Act ("AEDPA").

The conviction under consideration here involved an indictment for the felony offense of
aggravated sexual assault. Petitioner was sentenced to twenty years imprisonment. His conviction

was upheld on direct appeal on March 12, 1998.  Petitioner filed a Petition for Discretionary Review

("PDR"), and the Court of Criminal Appeals again affirmed his conviction on March 31, 1999.  The

United States Supreme Court denied his petition for certiorari on October 4, 1999 and denied

rehearing on May 15, 2000.

Petitioner then filed three state habeas writs pursuant to Article 11.07 of the Texas Code of

Criminal Procedure.  These filings were for Cause Nos. 29,190, 29,191, and 29,192.  No state writ

was filed for No. 29,189.  Respondent has provided affidavit evidence from the deputy district clerk

of the Brazoria County District Court stating that a thorough review of all Petitioner's files related

to his convictions in all four cases shows that no Article 11.07 writ was ever "properly received,

recorded or preserved in the District Clerk's office" for the conviction under review here.

Respondent's Motion at Ex. A.

The state records indicate that Petitioner engaged in a lengthy, and ultimately fruitless,

attempt to submit a habeas writ to the state court in No. 29,189.  He first attempted to file a writ

when he submitted a habeas petition to prison officials on August 28, 2000.  The petition was mailed,

as evidenced by a certified mail receipt.  Response to Motion to Dismiss at 3 and attached Exhibits.

However, it was not delivered to the state court.  Petitioner has provided a copy of a letter dated

October 20, 2000, sent to the state court inquiring about the lack of response to his habeas writ.

Response at 3.  There is no evidence, however, that this letter was actually mailed or received.  A

second letter was sent by certified mail on May 3, 2001, and Petitioner received notice from the state

court on May 7 that it had not received his writ.  Id. and attached Exhibits.

Petitioner then resubmitted his original writ on May 14, 2001, but it was returned to him as

noncompliant with the rules governing the form in which a state writ must be filed.  Id. at 4.  On May

2

21, 2001, Petitioner filed a motion to invoke the "mailbox rule" – which does not apply in state habeas proceedings – concerning the habeas writ that had already been returned as improperly filed. Id. at attached Exhibits.

On January 11, 2002, Petitioner mailed a motion to amend his habeas writ, which he appears to have believed had been filed despite the fact that it had been returned to him by the court. He also submitted a memorandum with the motion. Id. at 5, Ex. B. This is the first indication he used the correct forms required to file a habeas writ in state court. Again, however, the mailing was not received by the state court and was never filed.

The AEDPA requires a prisoner who wishes to seek habeas relief to file his petition in federal court within one year of the date on which judgment became final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As the Magistrate Judge demonstrated in the Report and Recommendation concerning Petitioner's other convictions, the time for seeking review of the state court's judgment in No. 29,189 expired on May 15, 2000, when the United States Supreme Court denied Petitioner's petition for rehearing. Thus, Petitioner had until May 15, 2001, to file his federal writ. Although this one-year period is tolled while a properly-filed writ is pending in state court, Petitioner never filed such a writ concerning No. 29,189, and statutory tolling does not apply. The instant writ was not filed in federal court until June 27, 2002, over one year after the statutory period had expired. It is therefore time-barred by the AEDPA's limitations period.

The Court does not find that equitable tolling is warranted under these facts. Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d

3

488, 489-90 (5th Cir. 1999). Only "rare and exceptional circumstances" merit equitable tolling. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). A petitioner must bear the burden of establishing his entitlement to such tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

There is no evidence the state misled Petitioner or prevented him from asserting his rights. Although his first state habeas writ was apparently lost in the mail, and like the second writ appears to have been submitted on improper forms, Petitioner has made no showing that state officials interfered with his right to file a writ in state court or failed to mail the writ in a timely manner. More importantly, Petitioner should have known that the AEDPA's one-year limitations period was scheduled to expire on May 15, 2001. Instead of taking action to re-file his state writ in a timely way, and therefore toll the limitations period, Petitioner chose to let the statutory period run while trying to confirm whether or not the original writ had been received. While the Court can understand the difficulties Petitioner faced in corresponding with a court while imprisoned, equitable tolling is reserved for extraordinary situations and is not designed for those who "sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Although Petitioner claims he made all reasonable efforts to exhaust his state remedies, Response at 3, the state court has still not received any properly-filed writ related to his conviction in No. 29,189 even four and a half years after that conviction became final. Petitioner could have taken steps to exhaust his state remedies before the AEDPA's statutory period expired, and his failure to do so makes equitable tolling inappropriate in this case.

Since Petitioner did not file a habeas writ in state court, the claims he asserts here are also unexhausted. Although a federal court has jurisdiction over unexhausted claims, it should dismiss them out of comity to the state court system. *Graham v. Johnson*, 168 F.3d 762, 778 (5th Cir. 1999). However, claims that are both unexhausted and time barred can be dismissed with prejudice because

4

a return to federal court is not possible. *Scott v. Johnson*, 227 F.3d 260 (5th Cir. 2000).  Article 11.07 does not contain a statute of limitations as the AEDPA does, and Petitioner may be able to assert his habeas claims in state court, even though a return to federal court is not possible on the cause of action at stake here.

For all these reasons, Petitioner's Motion for Summary Judgment (Instrument No. 19) is **DENIED**, Respondent's Motion for Summary Judgment (Instrument No. 28) is **GRANTED**, and the Petition for a Writ of Habeas Corpus of Gene Edward Howland is **DISMISSED**.

**IT IS SO ORDERED**.

**DONE** at Galveston, Texas this 15th day of September, 2005.

Samuel B. Kent
United States District Judge